# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**GREGORY SUBER, SR.**                                                    **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 4:03CV97-P-B**

**PURDUE PHARMA, L.P., et al**                                        **DEFENDANTS**

## MEMORANDUM OPINION

This cause is before the Court on the defendants' Motion for Summary Judgment [25-1]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

FACTUAL BACKGROUND

Defendants seek summary judgment on grounds of judicial estoppel based on plaintiff's failure to schedule or otherwise disclose his claims against Purdue and Abbott in the Chapter 13 bankruptcy case he file and pursued during the time he took OxyContin.

Plaintiff's claims against Purdue and Abbott arise solely from Suber's use of OxyContin, a prescription schedule II narcotic. In interrogatory responses, Suber identified the only doctor who prescribed OxyContin to plaintiff, and the only pharmacy that filled those prescriptions, as having done so on October 13, 1999, and on May 9, 2000.

On March 24, 2000, Suber filed a voluntary Chapter 13 bankruptcy petition. Line 20 of Schedule B required Suber to list "other contingent and unliquidated claims of every nature." Suber responded, "None." Furthermore, the docket for Suber's bankruptcy case contains no record of his otherwise having disclosed his claims against Purdue and Abbott.

In reliance on Suber's disclosures, the bankruptcy court confirmed his proposed Chapter 13

plan on August 28, 2000. Suber received a discharge on August 6, 2003, and the bankruptcy case

was closed on January 31, 2004.

STANDARD OF REVIEW

Rule 56 (c) of the Federal Rules of Civil Procedure authorizes summary judgment where "the

pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits,

if any, show that there is no genuine dispute as to any material fact and that the moving party is

entitled to judgment as a matter of law. Celotex Corporation v. Catrett, 477 U.S. 317, 322, 91

L.Ed.2d 265, 106 S. Ct. 2548 (1986). The existence of a material question of fact is itself a question

of law that the district court is bound to consider before granting summary judgment. John v. State

of La. (Bd. Of T. for State C. & U., 757 F.2d 698, 712 (5th Cir. 1985).

A judge's function at the summary judgment stage is not himself to weigh the evidence and

determine the truth of the matter, but to determine whether there is a genuine issue for trial. There

is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to

return a verdict for that party. If the evidence is merely colorable, or is not significantly probative,

summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 91 L.Ed.2d 202,

106 S. Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited

to that role. Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis, 799 F.2d 218, 222 (5th

Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary

judgment. The dispute must be genuine, and the facts must be material." Id. "With regard to

'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the

governing substantive law will preclude summary judgment. <u>Phillips Oil Company, v. OKC Corporation</u>, 812 F.2d 265, 272 95th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. <u>See Celotex</u>, 477 U.S. at 323, 106 S. Ct. at 2552. <u>Topalian v. Ehrman</u>, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. <u>McPherson v. Rankin</u>, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. <u>Union Planters Nat. Leasing v. Woods</u>, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. <u>Topalian</u>, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." <u>John</u>, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment, " even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. <u>Id.</u> at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. <u>Ferguson v. National Broadcasting Co., Inc.</u>, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable

issue of fact." In Re Municipal Bond Reporting Antitrust Lit., 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed. R. Civ. P. See also Union Planters Nat. Leasing v. Woods, 687 F.2d at 119.

While generally "[t]he burden to discover a genuine issue of fact is not on [the] court, (Topalian, 954 F.2d at 1137), "Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention–the court must consider both before granting a summary judgment." John, 757 F.2d at 712, quoting Keiser v. Coliseum Properties, Inc., 614 F.2d 406, 410 (5th Cir. 1980).

## LEGAL ANALYSIS

Judicial estoppel is a equitable doctrine which prevents a party from asserting inconsistent positions in legal proceedings. In re Coast Plains, 179 F.3d 197, 205 (5th Cir. 1999). The purpose of the doctrine is to protect the integrity of the judicial system . . . by preventing the parties from playing 'fast and loose' with the courts to suit their own self-interest." Id. Judicial estoppel applies when two elements are present: 1) the position of the party to be estopped is clearly inconsistent with its previous one; and 2) that party must have convinced the court to accept the previous position.

The doctrine has been employed to prevent parties from pursuing legal claims when the parties fail to disclose those claims in bankruptcy proceedings. Casey v. Peco Foods, 297 B.R. 73 (S.D. Miss. 2003). Debtors in a bankruptcy proceeding have a duty to disclose all assets, including

contingent and unliquidated claims. 11 U.S.C. § 521(1). Furthermore, in a Chapter 13 bankruptcy

proceeding, all assets of the debtor belong to the estate, including interest in property acquired after

the commencement of the estate. 11 U.S.C. § 541(a)(7). Thus, the duty of disclosure in bankruptcy

proceedings is a continuing one. Coastal Plains, 179 F.3d at 208.

Based on Fifth Circuit precedent, Coastal Plains, 179 F.3d at 210, the Court has no choice

but to conclude that the first element, that of inconsistent positions, has been satisfied. Suber's

claims against Purdue and Abbott arose pre-petition. This was sufficient to trigger Suber's duty to

disclose the potential claims to the bankruptcy court. Notwithstanding that fact, Suber represented

to the bankruptcy court that he had no potential causes of action, a position which is clearly

inconsistent with his subsequent filing of a complaint in the Circuit Court of Washington County on

December 10, 2002. Casey, 297 B.R. at 77.

Moreover, the second element has been satisfied as well. It is evident that the bankruptcy

court relied on Suber's schedules in approving his proposed Chapter 13 plan, implementing that

plan, and ultimately discharging him and closing the bankruptcy case.

Suber can avoid judicial estoppel only if he can establish that his nondisclosure was

inadvertent. A debtor's "failure to satisfy its statutory disclosure duty is 'inadvertent' only when,

in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their

concealment." Coastal Plains, 179 F.3d at 210 (emphasis in original). Suber cannot establish that

he lacked knowledge of his products liability claim against Purdue and Abbott; nor can he disavow

any motive to conceal his claim. See Burnes v. PEMCO Aeroplex, Inc., 291 F.3d 1281 (11th Cir.

2002).

By failing to disclose his potential cause of action against Purdue and Abbott to the

bankruptcy court, Suber has been able to secure a discharge in bankruptcy and keep the full benefit of any potential recovery on the cause of action for himself, precisely the result that the doctrine of judicial estoppel is intended to prevent. In re Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir. 2004) (quoting from Payless Wholesale Distrib., Inc. v. Alberto Culver (P.R.) Inc., 989 F.2d 570, 571 (1st Cir. 1993)). The Court concludes that the doctrine of judicial estoppel operates as a bar to plaintiff's continued prosecution of this case; accordingly, the defendants' Motion for Summary Judgment is well-taken and should be granted.

CONCLUSION

Based on the foregoing facts and analysis, the Court concludes that the defendants' Motion for Summary Judgment [25-1] is well-taken and should be granted. A judgment will issue accordingly.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendants' Motion for Summary Judgment [25-1] is well-taken and should be, and hereby is, GRANTED.

SO ORDERED, this the 13th day of September, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE